IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **DEBRA S. WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO: 5:06-00486** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 4 and 5.) Presently pending before the Court is the Commissioner's Motion to Dismiss. (Document No. 9.)

The Commissioner seeks dismissal of Plaintiff's Complaint on the ground that it was filed on June 20, 2006, more than 60 days after receipt of the Commissioner's final decision and, therefore, did not comply with 42 U.S.C. § 405(g). (Document No. 10 at 2-3.) The Commissioner asserts that Plaintiff should have commenced this action on or before April 6, 2005. (Id. at 3.) In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g). (Id. at 3-4.)

The Plaintiff argues that neither she nor her counsel received notification of the Appeals Council's denial dated November 10, 2004, until she received a letter from the Appeals Council dated May 1, 2006. (Document No. 11 at 1.) Plaintiff explains that because "the hearing officer had

found that [P]laintiff's condition had improved, it was obviously of primary importance to document ongoing disability." (Id. at 2.) Plaintiff's counsel, therefore, submitted various letters to the Appeals Council, dated June 23, 2003, September 4, 2003, October 16, 2003, February 2, 2004, and March 7, 2006, regarding an appeal of the hearing officer's decision and providing additional medical evidence of Plaintiff's alleged disability. (Id. at 2 and Exhibits 1-5.) On May 1, 2006, Plaintiff's counsel received a letter from the Appeals Council advising of the November 10, 2004, denial, and indicating that the recently submitted evidence was dated after the hearing decision was issued, and therefore, did not pertain to the period adjudicated by that decision. (Document No. 11 at Exhibit 6.) Plaintiff contends that if she "or counsel had been aware of the Appeals Council's action in November, 2004, there would have been no need to continue submitting additional evidence to the Appeals Council." (Id. at 2.) Plaintiff also points out that the Appeals Council's letter attached to the Commissioner's Brief as Exhibit 3, dated January 31, 2005, which indicated that the original denial notice had been returned, was mailed to Plaintiff to the same address from which the earlier notice had been returned. (Id.) Plaintiff therefore questions the Commissioner's actions in mailing the notice to the Plaintiff's same incorrect address, as well as in not advising counsel of the additional time in which to file the appeal. (Id. at 2-3.) For all these reasons, Plaintiff submits "that all the facts in this case point to the undeniable conclusion that neither [P]laintiff nor counsel received the Appeals Council's action of November 22, 2004." (Id. at 3.)

In Reply, the Commissioner asserts that Plaintiff's arguments are without merit for two reasons. (Document No. 14 at 1.) First, the initial Notice of Appeals Council Action, dated November 10, 2004 (Document No. 10 at Exhibit 2.), was sent to Plaintiff and her counsel. (Document No. 14 at 1.) Though Plaintiff's copy of the denial was returned, her counsel's was not.

2

(Document No. 14 at 1; Document No. 10 at Exhibit 3.) Consequently, "Plaintiff's counsel should have been aware of the denial and the need to file a complaint by April 5, 2005." (Document No. 14 at 1.) Second, though the Appeals Council replied to Plaintiff's counsel's letter dated May 1, 2006, "this reply did not provide any right to file an action in district court." (Id. at 1; Exhibit 1.) Rather, the Commissioner asserts that the Appeals Council letter advised Plaintiff and her counsel of the address of the local field office that could process a new application. (Document No. 14 at 1.) The Commissioner further asserts:

> If Plaintiff does not wish to file a new application, she cannot cure her untimeliness by filing a complaint in district court because jurisdiction does not exist. However, if she insists on proceeding with her current application in district court, she must take corrective action. Specifically, Plaintiff or counsel must write the Appeals Council to request an extension of time to file an action in Federal Court. 20 C.F.R. 404.982 (2006). Assuming that Plaintiff can meet the "good cause" requirements of 20 C.F.R. 404.911 (2006) and the Appeals Council grants an extension, then and only then, will a complaint be timely. Until Plaintiff successfully takes the curative administrative action, the Commissioner will request that the Court dismiss Plaintiff's complaint.

(Id. at 1-2.)

Plaintiff filed an Addendum Brief in Opposition to the Commissioner's Motion to Dismiss, in which she states that counsel wrote to the Appeals Council, as suggested by the Commissioner. (Document No. 15 at 1-2.) By response dated December 21, 2006 (Document No. 15 at Exhibit 1.), the Appeals Council advised that Plaintiff's counsel gave an incorrect address for Plaintiff, which caused them to send their denial notice to the wrong address and that is why they sent the notice a second time. (Id. at 2.) Plaintiff asserts, however, that the Appeals Council did not explain why Plaintiff's counsel did not receive the notice. (Id.)

The Court makes the following findings as to the procedural history in this case:

1. The Administrative Law Judge ("ALJ") issued an unfavorable decision on April 25, 2003.

3

(Document No. 10, Exhibit 1 and Declaration of Paul Halse ¶ 3(a).) The Office of Hearings and Appeals mailed copies of the Notice of Decision - Unfavorable and the ALJ's April 25, 2003, decision to Plaintiff at RR 2, Box 122 C, Grassy Meadows, West Virginia 24943, with a copy to Plaintiff's counsel. (Document No. 10, Exhibit 1 and Declaration of Paul Halse ¶ 3(a).) The Notice indicated that the Appeals Council would presume receipt of the Notice within five days after the date of the Notice unless Plaintiff demonstrated that she did not receive it within the five day period. (Id.)

    2. Plaintiff, by counsel, submitted a Request for Review of Hearing Decision, which request was denied by the Appeals Council by Notice of Appeals Council Action, dated November 10, 2004. (Document No. 10, Exhibit 2 and Declaration of Paul Halse ¶ 3(a).) The Order of the Appeals Council notified Plaintiff that her Request for Review was being denied because there was no reason under the rules to review the Administrative Law Judge's decision. (Id.) On November 10, 2004, the Appeals Council mailed copies of the Notice of Appeals Council Action to Plaintiff at RR 2, Box 122 C, Grassy Meadows, West Virginia 24943, with a copy to Plaintiff's counsel. (Id.) The Notice advised Plaintiff that the Appeals Council's denial meant that the ALJ's decision was the final decision of the Commissioner and that she had sixty (60) days from the date of receipt of the Notice within which to commence a civil action. (Id.)

    3. On January 31, 2005, the Appeals Council granted Plaintiff a sixty (60) day extension of time in which to commence a civil action. (Document No. 10 at Exhibit 3 and Declaration of Paul Halse ¶ 3(b).)

    4. The Plaintiff filed her Complaint with the Clerk of the District Court on June 20, 2006, by her attorney, Deborah K. Garton, Esquire. (Document No. 1.)

    Judicial review of a determination made by the Commissioner of Social Security is

controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2008). Under the regulation, the 60-day period starts when notice is received by the plaintiff. The regulations also create a rebuttable presumption that the plaintiff receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2008). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

In the present case, the Appeals Council issued its decision on November 10, 2004, but subsequently granted Plaintiff an extension of time on January 31, 2005, within which to commence a civil action. Pursuant to 20 C.F.R. § 422.210(c), Plaintiff is presumed to have received the notice from the Appeals Council on February 5, 2005. Thus, the 60-day period ran on April 6, 2005. Plaintiff attempts to rebut the presumption that she received the Appeals Council's notice by asserting that neither she nor her counsel ever received the original notice dated November 10, 2004, nor the notice of extension dated January 31, 2005. The Court is faced with competing Affidavits

5

from Plaintiff and her counsel and from the Commissioner. Nevertheless, the Court finds that though the notices mailed by the Appeals Council to Plaintiff may have been sent to an incorrect address and were returned, it is clear that the notices also were mailed to Plaintiff's counsel and were not returned as undeliverable. The notices clearly reflect Plaintiff's counsel's address and the Declaration of Paul Halse indicates that the notices were mailed to counsel. Consequently, Plaintiff's counsel should have been advised of the Appeals Council's action. Pursuant to 20 C.F.R. § 404.911, it is apparent from the Appeals Council's December 21, 2006, response to Plaintiff's counsel's letter that it did not find good cause to grant an extension of time to file an action in federal court. Similarly, this Court does not find that the circumstances in the instant case justify equitable tolling of the sixty-day requirement.

Accordingly, for the reasons set forth in this Memorandum Opinion and by the Judgment Order entered this day, the Defendant's Motion to Dismiss (Document No. 9.) is **GRANTED**, and this matter is **DISMISSED** from the docket of this Court.

The Clerk is directed to file this Memorandum Opinion and to send a copy of the same to counsel of record.

ENTER: September 11, 2009.

R. Clarke VanDervort
United States Magistrate Judge